UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ECONO LUBE FRANCHISOR SPV LLC, a Delaware limited liability company,

    Plaintiff,

v.

MOHAMED HAFSI, an individual; and YASER BELBISI, an individual,

    Defendants

CASE NO.    5:19-cv-1192

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK COUNTERFEITING AND UNFAIR COMPETITION

For its causes of action against Defendants Mohamed Hafsi and Yaser Belbisi ("Defendants"), Plaintiff Econo Lube Franchisor SPV LLC hereby alleges as follows:

### JURISDICTION AND VENUE

1. This civil action arises under the Federal Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended (the "Lanham Act"), and California Business & Professions Code §§ 14200 and 17200 et seq.

2. This Court has original jurisdiction over the parties and the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), as well as under 15 U.S.C. §§ 1121. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § section 1332(a). As alleged herein below,

there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

3. This Court also has personal jurisdiction over the Defendant because Defendants are doing business and/or resides in this state and/or the alleged acts of infringement have occurred and/or are occurring in this state.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) in that at least one of the Defendants reside in this District, and under 28 U.S.C. section 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

5. Plaintiff Econo Lube Franchisor SPV LLC ("Econo Lube"), is a Delaware limited liability company that maintains its principal place of business at 440 S. Church Street, Suite 700, Charlotte, NC 28202.  Econo Lube is the successor-in-interest to Econo Lube N' Tune, Inc.  Econo Lube's sole member is Driven Brands, Inc., which is a Delaware corporation that maintains its principal place of business at 440 S. Church Street, Suite 700, Charlotte, NC 28202.  Econo Lube is therefore a citizen of Delaware and North Carolina.

6. Econo Lube is the owner of various trademarks and service marks, including the service mark "Econo Lube N' Tune & Brakes," which is registered on the principal register with the United States Patent and Trademark Office as Registration No. 3887351, "Econo Lube N' Tune," which is registered on the principal register with the United States Patent and Trademark Office as Registration No. 3887350, and "Econo Lube," which is registered on the principal register with the United States Patent and Trademark Office as Registration No. 3887349 (collectively, the "Econo Lube Marks").

7. Econo Lube is informed and believes and, on that basis, alleges that Defendant Mohamed Hafsi ("Hafsi") is an individual whose domicile is in Bexar County, Texas. Hafsi is therefore a citizen of the State of Texas.

8. Econo Lube is informed and believes and, on that basis, alleges that Defendant Yaser Belbisi ("Belbisi") is an individual whose domicile is in Bexar County, Texas. Belbisi is therefore a citizen of the State of Texas.

## THE FRANCHISE DOCUMENTS

9. On July 10, 2011, Econo Lube entered into an Econo Lube N' Tune & Brakes Franchise Agreement with Defendants Hafsi and Belbisi, which was amended on October 25, 2011 when the parties executed an Amendment to Franchise Agreement Section 4.6 Local Advertising. A true and correct copy of the Econo Lube N' Tune & Brakes Franchise Agreement, as amended (the "Franchise Agreement") is attached hereto as Exhibit A.

10. The Franchise Agreement authorized Defendants to operate Econo Lube N' Tune franchise No. 4145 (the "Franchise"), at 9003 Huebner Road, Suite 3, San Antonio, Texas (the "Former Franchise Premises").

11. Article II of the Franchise Agreement provided for an initial term of fifteen (15) years, through July 9, 2026, and provided the parties with certain options to renew.

12. Article IV of the Franchise Agreement required Defendants to make certain payments to Econo Lube, including a weekly continuing royalty payment and weekly service fee (the "Franchise Fees") and weekly contributions to Econo Lube's Advertising Funds (the "Advertising Fees").

13. The Franchise Agreement authorized Defendants to use the Econo Lube Marks and to obtain a "white pages" and a "yellow pages" telephone listing for the location (the "Telephone Number"). The Franchise Agreement expressly

provided that Defendants had no ownership interest in the Econo Lube marks or the Telephone Number, and provided specific instructions for discontinuing the use of the Econo Lube Marks and the Telephone Number upon termination of the Franchise Agreement.

## DEFENDANTS' DEFAULTS AND TERMINATION

14. Beginning in 2012, Defendants began to fall behind in payments of their Franchise Fees. Beginning in 2016, Defendants began to fall behind in payments of their Advertising Fees.

15. On March 28, 2017, Econo Lube sent Defendants a Notice of Default itemizing the defaults under the Franchise Agreement and demanding that the defaults be cured within thirty (30) days of the Notice. A true and correct copy of the Notice of Default is attached hereto as Exhibit B.

16. Defendants failed to cure their defaults and, on May 16, 2017, Econo Lube served Defendants with a Termination Notice, a true and correct copy of which is attached hereto as Exhibit C. The Termination Notice notified Defendants of the immediate termination of the Franchise Agreement, and specified a number of post-termination obligations Defendants were required to perform, including instructions to cease using the Econo Lube names and trademarks and to cease using and assign the Telephone Number to Econo Lube.

17. Despite having received the Termination Notice, Defendants continue to use the Econo Lube trademarks and the Telephone Number at the Former Franchise Premises and to hold themselves out as Econo Lube franchisees.

18. On October 22, 2018, Econo Lube, through outside counsel, sent a Demand to Cease and Desist to Defendants, demanding that Defendants comply with the post-termination obligations under the Franchise Agreement, including the requirement that they de-identify the Former Franchise Premises as an Econo Lube

franchise. A true and correct copy of the Demand to Cease and Desist is attached hereto as Exhibit D.

19. As of the date of filing this Action, Defendants have failed and refused to comply with the Termination Notice and/or the Demand to Cease and Desist.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1125(a))

20. Econo Lube realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 17, inclusive.

21. As alleged above, the Econo Lube Marks are the subject of a current, valid, uncancelled trademark registrations on the Principal Register (as that term is used in 15 U.S.C. §1115).

22. Econo Lube is the owner of the Econo Lube Marks, and has used the marks continuously in commerce at all times since the registrations were filed.

23. Despite the termination of the Franchise Agreement, which terminated Defendants' license to use the Econo Lube Marks, Defendants have engaged, and continue to engage, in the unauthorized use of the Econo Lube Marks in commerce in a manner that is likely to cause confusion, mistake or to deceive members of the public into believing that Defendants' goods and services originated or are affiliated with Econo Lube.

24. Defendants' unauthorized use in commerce of the Econo Lube Marks is likely to cause confusion, or to cause mistake, or to deceive consumers, who are likely to erroneously believe that Defendants are affiliated with or connected with Econo Lube, when in fact they are not.

25. Defendants' actions were knowing and willful efforts to exploit the goodwill associated with the Econo Lube Marks. Defendants have diverted customers from other actual Econo Lube franchisees, including Meineke/Econo Lube Co-Brand franchisees. The infringement was and is therefore knowing, willful and deliberate, and thus exceptional under 15 U.S.C. § 1117.

26. As a result of the foregoing acts constituting infringement of the Econo Lube Marks, Econo Lube is entitled to recover any profits earned by Defendants as a result of such wrongful actions, and damages suffered by Econo Lube according to proof at trial.

27. By reason of the acts of the Defendants alleged herein, Econo Lube has suffered, is suffering, and will continue to suffer, irreparable damage unless Econo Lube is granted, preliminary during the pendency of this action, and thereafter permanently, an injunction preventing the Defendant from continuing their unlawful actions.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin under 15 U.S.C. § 1125(a))**

28. Econo Lube realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 26, inclusive.

29. There is substantial goodwill associated with the Telephone Number or numbers used by Defendants to operate the Franchise. Under the terms of the Franchise Agreement, all telephone numbers associated with the Franchise (hereinafter, the "Telephone Numbers") are the property of Econo Lube, and Defendants are required to immediately discontinue the use of all such numbers upon termination of the Franchise Agreement.

30. In addition to its unauthorized use of the Econo Lube Marks, Defendants have continued to use the Telephone Numbers associated with the Franchise business in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers, who are likely to erroneously believe that Defendants are affiliated with or connected with Econo Lube, or that Econo Lube sponsors or endorses Defendants' services, when in fact it does not.  Among other things, the Telephone Numbers continue to be used in numerous online indexes and directories, where they are associated with the Econo Lube Marks.  Even if Defendants cease, or have ceased, using the Econo Lube Marks at the Former Franchise Premises, the continued use of the Telephone Numbers in internet and online advertisements, directories and indexes, results in initial-interest confusion by consumers.

31. Defendants' actions were knowing and willful efforts to exploit the goodwill associated with the Econo Lube Marks.  Defendants have diverted customers from other actual Econo Lube franchisees, including Meineke/Econo Lube Co-Brand franchisees.  The infringement was and is therefore knowing, willful and deliberate, and thus exceptional under 15 U.S.C. § 1117.

32. As a result of the foregoing acts constituting false designation of origin, Econo Lube is entitled to recover any profits earned by Defendants as a result of such wrongful actions, and damages suffered by Econo Lube according to proof at trial.

33. By reason of the acts of Defendants alleged herein, Econo Lube has suffered, is suffering, and will continue to suffer, irreparable damage unless Econo Lube is granted, preliminary during the pendency of this action, and thereafter permanently, an injunction preventing Defendants from continuing their unlawful actions.

## THIRD CLAIM FOR RELIEF

### (Trademark Counterfeiting under 15 U.S.C. §§ 1114(1)(a), 1116(d))

34. Econo Lube realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 33, inclusive.

35. Defendants' rights to use the Econo Lube Marks terminated when the Franchise Agreement was terminated.

36. With knowledge that its rights to use the Econo Lube Marks were terminated, Defendants have engaged, and continue to engage, in the unauthorized use of non-genuine marks that are identical to the registered, genuine Econo Lube Marks in connection with their competing business, which offers services identical to the services for which the genuine Marks were registered.

37. Defendants' unauthorized actions, as described above, constitute violations of Sections 32(1)(a) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1116(d), and have at all times relevant to this action been willful and/or knowing.

38. As a direct and proximate result of the actions, conduct, and practices of Defendants as alleged above, Econo Lube has suffered, and will continue to suffer, irreparable injury and damages in an amount to be proved at trial.

39. Defendants' rights to use the Meineke Marks terminated when the Franchise Agreement was terminated.

40. With knowledge that its rights to use the Meineke Marks were terminated, Defendants have engaged, and continues to engage, in the unauthorized use of non-genuine marks that are identical to the registered, genuine Meineke Marks in connection with their competing business, which offers services identical to the services for which the genuine Marks were registered.

41.     Defendants' unauthorized actions, as described above, constitute violations of Sections 32(1)(a) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1116(d), and have at all times relevant to this action been willful and/or knowing.

42.     As a direct and proximate result of the actions, conduct, and practices of Cross-Defendants as alleged above, Meineke has suffered, and will continue to suffer, irreparable injury and damages in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF

**(Trademark Infringement under TEX. BUS. & COM. CODE § 16.102)**

43.     Econo Lube realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 42, inclusive.

44.     As alleged hereinabove, Defendants' rights to use the Econo Lube Marks and Telephone Numbers were terminated on May 16, 2017. Despite the termination of Defendants' rights to use the Econo Lube Marks and Telephone Numbers, Defendants, without Econo Lube's consent or authorization, continued to use the Econo Lube Marks and Telephone Numbers in connection with their automotive repair business at the Former Franchise Premises.

45.     The Defendants' use of the Econo Lube Marks and Telephone Numbers is likely to deceive or cause confusion or mistake as to source or origin of the goods or services. The Defendants' acts as set forth above constitute infringement under the Texas Trademark Act, TEX. BUS. & COM. CODE § 16.102.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition)

46. Econo Lube realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 45, inclusive.

47. Defendants' acts in continuing to use the Econo Lube Marks and Telephone numbers following termination of the Franchise Agreement was intended to mislead the public and lead to confusion and mistake.

48. The Defendants are further attempting to pass off their services as those of Econo Lube. The Defendants' actions as alleged above constitute unfair competition under the laws of the State of Texas.

49. The Defendants' actions as alleged above, which continued after several written notice, including a Demand to Cease and Desist, were committed with malice as defined in Texas Civil Practice and Remedies Code Section 41.100(7) in that the defendant's actions were specifically intended to harm Econo Lube in its business. The Defendants' conduct warrants the assessment of exemplary damages against Defendants under Texas Civil Practice and Remedies Code Section 41.003.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract—Franchise Agreement)

50. Econo Lube realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs 1 through 16, inclusive.

51. Defendants and Econo Lube entered into the Franchise Agreement on July 10, 2011.

52. Econo Lube has fully performed all of its obligations under the Franchise Agreement.

53. Defendants have failed and refused, and continue to fail and refuse, to pay the amounts due to Econo Lube under the Franchise Agreement. Defendants' conduct constitutes a breach of the Franchise Agreement, justifying Econo Lube's termination of the agreement.

54. As a direct and proximate result of Defendants' breach, Econo Lube has been damaged in an amount exceeding the jurisdictional minimum limits of this Court.

55. As a direct and proximate result of Defendants' breach of the Franchise Agreement, Econo Lube has been required to retain attorneys and incur fees and expenses to prosecute its rights under the Agreement. Accordingly, Econo Lube seeks to recover from Defendants all attorneys' fees and expenses it has incurred to prosecute this breach of contract, including pre-filing efforts to collect the amounts owed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ECONO LUBE FRANCHISOR SPV LLC prays for judgment against Defendants MOHAMED HAFSI and YASER BELBISI, as follows:

1. That the Court enter judgment in favor of Plaintiffs and against Defendants;
2. That the Court preliminarily and permanently enjoin Defendants and their agents, servants, employees, members, limited partners, attorneys, parent, subsidiary, and related companies and all persons acting for, with, by, through or under them from continuing to use any

        trademark, service mark or tradename that infringes on any of the Econo Lube Marks and the Telephone Numbers;

3. That the Court award Econo Lube all of the Defendants' profits, all damages sustained by Econo Lube, and the costs of this Action, including reasonable attorneys' fees, resulting from Defendants' unauthorized use of the Econo Lube Marks;

4. That the Court award Econo Lube compensatory damages, along with reasonable costs and attorneys' fees, against Defendants for all amounts due under the Franchise Agreement;

5. That the Court award Econo Lube an award of three times Defendants' profits or Econo Lube's damages, whichever is greater or, in the alternative, statutory damages as provided in 15 U.S.C. § 1117, along with reasonable attorneys' fees, arising from Defendants' counterfeit use of the Econo Lube Marks; and

/ / /

/ / /

/ / /

6. For such other and further relief as the Court deems just and proper.

Dated: October 4, 2019

**LAW OFFICES OF LAWRENCE J. HILTON**

By: /s/ Lawrence J. Hilton
Lawrence J. Hilton
*Admission Pending*
State Bar No. 24105017
4514 Cole Avenue, Suite 600
Dallas, TX 75202
Telephone: (214) 559-7176
Facsimile: (949) 258-5081
Email: lhilton@onellp.com

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
California State Bar No. 285384
*Pro Hac Vice*
9301 Wilshire Blvd. Penthouse
Beverly Hills, CA 90210
Telephone: (310) 437-8665
Facsimile: (310) 943-2085
Email: jardalan@onellp.com

Attorneys for Plaintiff
ECONO LUBE N' TUNE, LLC